**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DECKERS OUTDOOR CORPORATION,

     Plaintiff,

  v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No. 26-cv-00706

**Judge Thomas M. Durkin**

**Magistrate Judge Albert Berry III**

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
<u>ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)</u>**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Deckers Outdoor Corporation

("Plaintiff") requests this Court's authorization to serve process by electronically publishing a link

to the Complaint, the Temporary Restraining Order, Order Authorizing Expedited Discovery and

Electronic Service of Process, and other relevant documents on a website and by sending an e-

mail with an attachment of the relevant documents and a link to said website to an e-mail address

for each Defendant. Plaintiff submits that providing notice via electronic publication and e-mail,

along with any notice that Defendants receive from payment processors, is reasonably calculated

under all circumstances to apprise Defendants of the pendency of the action and afford them the

opportunity to present their objections.

Electronic service is appropriate and necessary in this case because off-shore e-commerce

store operators offering for sale products using infringing intellectual property typically: (1)

provide false, misleading and/or incomplete names and physical address information to conceal

their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic

communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. *See* Declaration of Justin R. Gaudio (the "Gaudio Declaration") at ¶ 2. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the e-commerce stores operating under the Seller Aliases identified in Schedule A to the Complaint shows that few, if any, provide a complete and accurate physical address on the e-commerce store. Gaudio Declaration at ¶ 3. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as PayPal, Inc. ("PayPal"), Amazon.com, Inc. ("Amazon") when registering their account. *Id.* E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. *Id.* However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. *Id.* Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. *Id.* As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendants. *Id.*

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to

ensure it is functioning and to communicate with customers electronically. E-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers ACT. *See* 15 U.S.C. § 45f. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at \*3 (N.D. Ill. Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are all residents of China, Hong Kong, or Vietnam. The People's Republic of China and Vietnam are signatories to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Gaudio Declaration at ¶ 4.

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id.* United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g.*, *Peanuts Worldwide LLC v. P'ships, et al.*, 347 F.R.D. 316, 329 (N.D. Ill. 2024) ("Accordingly, the court concludes that Plaintiff was not required to exhaust the option of service under the Convention before seeking alternative service under Rule 4(f)(3)); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs

are not required to first attempt service through the Hague Convention."); *see also Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331–32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5–7 (N.D. Cal. Apr. 17, 2007) (same); *NBA Properties, Inc. v. P'ships, et al.,* 549 F. Supp. 3d 790, 797 (N.D. Ill. 2021) (same). The Hague Convention also does not preclude service by e-mail. Gaudio Declaration at ¶ 4. *See e.g.*, *Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by e-mail is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014–15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A.*, 2019 U.S. Dist. LEXIS 94989, at *3 (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did

not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3).")). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods ..." because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)). As such, this Court may allow Plaintiff to serve the Defendants via electronic publication and e-mail.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Order Authorizing Expedited Discovery and Electronic Service of Process includes authorization to serve Defendants electronically and provides for issuance of a single original summons[1] that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated this 23rd day of January 2026.          Respectfully submitted,

                                              /s/ Justin R. Gaudio
                                              Amy C. Ziegler
                                              Justin R. Gaudio
                                              Justin T. Joseph
                                              Thomas J. Juettner
                                              Greer, Burns & Crain, Ltd.
                                              200 West Madison Street, Suite 2100
                                              312.360.0080
                                              312.360.9315 (fascimile)
                                              aziegler@gbc.law
                                              jgaudio@gbc.law
                                              jjoseph@gbc.law
                                              tjjuettner@gbc.law

                                              *Counsel for Plaintiff Deckers Outdoor Corporation*